UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE ROY JENKINS                                                    CIVIL ACTION

VERSUS

WARDEN N. BURL CAIN                                          NO. 08-811-C-M2

## RULING & ORDER

This matter is before the Court on the Motion to Hold Habeas Corpus Petition in Abeyance (R. Doc. 21) filed by petitioner, Lee Roy Jenkins ("Jenkins"). The State has filed an answer (R. Doc. 24) to Jenkins' motion.

## FACTS & PROCEDURAL BACKGROUND

Jenkins was indicted for murder on November 3, 1971, in the 20th Judicial District Court, Parish of East Feliciana, State of Louisiana. He initially pled not guilty and not guilty by reason of insanity but later withdrew his plea of not guilty on March 1, 1972, and entered a plea of guilty without capital punishment. He was then sentenced to life in prison at hard labor.

On May 1, 1973, Jenkins filed an application for habeas corpus relief in state court challenging his guilty plea. He contended that the plea should be set aside because he plead guilty without knowledge of his right against self-incrimination. A hearing on that motion was scheduled for June 20, 1973. However, Jenkins withdrew his application prior to the hearing, and the application was dismissed.

Thereafter, at some point in 1973, Jenkins left the custody of the Louisiana Department of Corrections. He maintains that he was released from custody by the State,

but there apparently are no records of such a voluntary release.  When the State apprehended Jenkins ten years later, he was returned to custody on the life sentence, and in addition, was charged with escape.  Jenkins plead guilty to simple escape on September 23, 1983, and was sentenced to an additional two years to run consecutive to his life sentence on the murder conviction.

On March 22, 1987, Jenkins filed an application for post-conviction relief in state court, again alleging that his guilty plea was not knowingly entered.  The matter was set for hearing on June 19, 1987; however, the hearing was aborted and his application dismissed when Jenkins refused to testify at the hearing and refused to release his former attorney, Murphy Bell, from the attorney-client privilege.  Following writs to the Louisiana Supreme Court, the Supreme Court ordered, on October 16, 1987, that the trial court hold another hearing on Jenkins' post-conviction relief application.  That hearing was held on April 22, 1988, at which time both Jenkins and his former defense counsel testified.  The trial court then denied Jenkins' post-conviction relief application on July 27, 1988.  Jenkins applied for writs to the First Circuit Court of Appeals and the Louisiana Supreme Court concerning the denial of post-conviction relief, and such writ applications were denied.  He then filed a petition for writ of habeas corpus with this Court that was dismissed with prejudice on June 4, 1990, based upon a finding that the state court affirmatively showed that Jenkins' guilty plea was both knowing and voluntary.  Jenkins appealed this Court's decision on his habeas petition to the U.S. Fifth Circuit of Appeals.  The Fifth Circuit affirmed that decision on April 26, 1991.

Jenkins filed a second application for post-conviction relief with the state trial court on or about February 26, 1994, again challenging the voluntariness of his guilty plea.  The

state trial court denied that application on March 22, 1994, stating that a thorough hearing had already taken place on petitioner's application for post-conviction relief alleging that his plea was not knowingly and voluntarily entered, and that application had been denied and affirmed by the Louisiana Supreme Court in 1989. Jenkins applied to the Louisiana Supreme Court for supervisory and/or remedial writs concerning the trial court's judgment denying his second post-conviction relief application, which writs were denied on March 10, 1995.[1]

Jenkins then filed a third application for post-conviction relief with the state trial court on or about December 22, 1998, alleging that the systematic exclusion of blacks from the position of grand jury foreman violated his constitutional rights and rendered his indictment and subsequent conviction invalid. The state trial court denied that application on January 27, 1999, on the ground that it lacked jurisdiction to hear petitioner's case because of the untimely nature of his application under La.C.C.P. art. 930.8.[2] Jenkins applied for supervisory and/or remedial writs to the Louisiana Supreme Court, which were denied on May 21, 2004.

On February 15, 2006, Jenkins filed a fourth application for post-conviction relief with the state trial court, challenging the voluntariness of his guilty plea – this time, under a recent decision of the U.S. Supreme Court, *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183 (2005),[3] because he entered the plea without a proper understanding of his maximum

---

[1] The Louisiana Supreme Court also denied reconsideration on April 28, 1995.

[2] La. C.C.P. art. 930.8 provided, at that time, that the prescriptive period for a post-conviction relief application was three (3) years from the date of final judgment of conviction.

[3] In *Roper*, the U.S. Supreme Court held that it is unconstitutional to apply the death penalty to any offender who committed an offense before reaching the age of 18. Jenkins, who

3

penalty exposure.  The trial court denied that application on March 23, 2006, on the basis that *Roper* was inapplicable to Jenkins' case because he was never sentenced to death. The trial judge again noted that the question of whether Jenkins' guilty plea was free and voluntary had been previously addressed by the state courts, the U.S. District Court for the Middle District of Louisiana, and the U.S. Fifth Circuit Court of Appeals.  He explained that the holding in *Roper*, even if applied retroactively, would not alter the free and voluntary nature of Jenkins' guilty plea.

Jenkins applied for writs to the First Circuit Court of Appeals concerning the denial of his fourth post-conviction relief application on April 24, 2006.  On June 13, 2006, the First Circuit transferred Jenkins' writ application to the Louisiana Supreme Court pursuant to Article V, Section 5(E) of the Louisiana Constitution, which provides that the Louisiana Supreme Court has exclusive supervisory jurisdiction over all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982.  On August 11, 2006, the Louisiana Supreme Court sent a letter to Jenkins indicating that his writ application transferred on June 13, 2006 had been "inadvertently discarded."  Jenkins' writ application was re-submitted to the Louisiana Supreme Court on September 8, 2006.  On May 11, 2007, the Louisiana Supreme Court denied Jenkins' writ application.

Jenkins then filed the present petition for habeas corpus with this Court on or about December 11, 2008, raising the same argument that he asserted in his fourth post-

---

was 15 years of age when he allegedly committed the offense in question, contended that the *Roper* holding applied retroactively to him and would cause his earlier conviction to be set aside because the only reason he pled guilty was out of "the fear of a punishment that could not have constitutionally been administered" to him, and his plea therefore was not knowing and voluntary.

conviction relief application concerning the alleged involuntariness of his guilty plea based upon *Roper*. On February 5, 2009, the undersigned ordered the State of Louisiana, through the District Attorney for the 20th Judicial District Court, Parish of East Feliciana, to submit a response to Jenkins' habeas petition. Such response was filed on March 20, 2009. Prior to the Court issuing a ruling concerning Jenkins' habeas petition, Katherine K. Green, an attorney with the law firm of Kean, Miller, wrote the undersigned and advised that she and another attorney with that firm, William Jarman, were preparing to enroll as counsel of record on behalf of Jenkins and that they were seeking the assistance of additional criminal defense counsel to assist in this matter. On June 23, 2009, James E. Boren enrolled as counsel of record for Jenkins. When enrolled counsel had not taken any action relative to Jenkins' case by December 2009, the undersigned ordered counsel to submit amended pleadings to the Court within fourteen (14) days, failing which the undersigned would issue a report and recommendation based upon the *pro se* pleadings filed herein by petitioner since the State had already filed an opposition to those *pro se* pleadings.

Additional counsel, William Jarman and Patrick Roquemore, were enrolled for Jenkins on December 21, 2009, and counsel were granted an extension to February 27, 2010 within which to file Jenkins' amended petition for habeas corpus. On March 1, 2010, instead of filing an amended habeas petition, Jenkins, through counsel, filed the present motion to stay and abey this habeas proceeding. In his motion, Jenkins explains that the habeas petition he filed with this Court *pro se* is a "shell petition." However, after he enrolled his present counsel, a thorough investigation was conducted into the issues raised by his petition, and evidence was discovered raising issues that had never been properly

5

litigated at the state court level. Jenkins contends that those issues need to be exhausted at the state court level before this Court can consider them upon federal habeas review. Jenkins therefore filed an application for post-conviction relief in the 20th Judicial District Court, Parish of East Feliciana, on March 1, 2010, urging his claims based on "newly discovered evidence." The claims contained in his current state post-conviction relief application include the following: (1) racial discrimination in the selection of his grand jury foreperson;[4] (2) trial counsel's withdrawal of the motion to quash the indictment constitutes ineffective assistance; (3) judicial misconduct which infringed upon Jenkins' constitutional rights; (4) procedural defects in the sanity proceedings of the district court; (5) Jenkins was incompetent to waive his constitutionally guaranteed rights and privileges and knowingly withdraw his not guilty by reason of insanity plea, to be tried as an adult and plead guilty, and the failure of his defense counsel to independently investigate the nature and extent of his mental impairment constitutes ineffective assistance of counsel; (6) the facts and circumstances surrounding Jenkins' plea demand renewed examination in light of the *Roper* decision; (7) Jenkins is actually innocent of the crime of murder, as he acted in self defense, and his trial counsel was ineffective for failing to investigate the facts of the case and develop that defense. Through his present motion, Jenkins seeks an order from this Court holding his federal habeas petition in abeyance until the conclusion of his state post-conviction relief proceedings "in order to secure his right to a complete and, hopefully, final

---

[4] Although Jenkins concedes in his recently-filed post-conviction relief application that unconstitutional grand jury discrimination was raised in his earlier fourth post-conviction relief application, he asserts that such claim is entitled to renewed consideration because the prior court proceeding considering that claim was "plagued by an improper conflict of interest and a structural defect," which was "only recently discovered by Jenkins' counsel."

federal review of his conviction and sentence."

Jenkins is not entitled to the relief requested. Instead, he must choose between one (1) of the following two (2) options. First, he may choose to proceed in this Court on the *Roper* claim raised in his *pro se* petition, which appears to have already been exhausted through the state courts in connection with his fourth post-conviction relief application. Jenkins has not presented any substantive argument in his present motion as to why the presentation of that claim to the state courts in connection with his fourth post-conviction relief application was insufficient and as to what "newly discovered evidence" would permit reconsideration of that claim in state court in connection with his recently-filed post-conviction relief application. The undersigned notes that, if petitioner chooses to proceed to judgment in this Court on his present *Roper* claim, he may render any future request for federal habeas relief, asserting claims not raised herein, subject to dismissal as an impermissible successive petition. *See*, 28 U.S.C. §2244(b). In that regard, although successive habeas petitions are allowed in certain instances, the permissible grounds for such allowance are quite limited. *See, Id.* Moreover, a successive petition may only be asserted after a petitioner has obtained leave of court to do so from the appropriate federal court of appeals. *See*, 28 U.S.C. §2244(b)(3).

As a second option, Jenkins may choose to voluntarily dismiss the present federal habeas corpus proceeding, without prejudice, in order that he may later bring all of the claims he is asserting in his present state post-conviction relief proceeding in a single, unified federal habeas corpus petition after exhaustion of state post-conviction remedies as to all of his claims. However, if he chooses this latter course, he is advised that, unless he is careful, he could lose the right to litigate both the issues presented in the present

habeas proceeding and the issues raised in any subsequent petition, through operation of the applicable statute of limitations.  See, 28 U.S.C. §2244(d)(1) & (2).  In that regard, the petitioner should be advised that, although the one (1) year statute of limitations is tolled during the period that a properly filed application for post-conviction or other collateral review is pending in the state courts, Id., any time during which there is **no** active state post-conviction proceeding pending is counted toward the one (1) year limitations period. Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).  This Court also has the power to equitably toll the statute of limitations in appropriate circumstances.  Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998).

Accordingly;

**IT IS ORDERED** that the Motion to Hold Habeas Corpus Petition in Abeyance (R. Doc. 21) filed by petitioner, Lee Roy Jenkins, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, within twenty (20) days of the date of this Order, Jenkins shall advise the Court, in writing, whether he chooses to: (1) pursue only the claim now presented in the instant habeas proceeding, or (2) voluntarily dismiss this matter, without prejudice, in order to later pursue all of his constitutional claims in a subsequent federal habeas corpus proceeding after exhaustion of available state post-conviction

remedies as to all of his claims. The petitioner is specifically advised that, upon failure to timely respond to this Order, the Court shall presume that the petitioner intends to proceed with the first of the above two options, and the Court shall act accordingly.

Signed in chambers in Baton Rouge, Louisiana, April 5, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**