# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEE ROY JENKINS**                                          **CIVIL ACTION**
**(DOC# 73024)**

**VERSUS**

**N. BURL CAIN, ET AL**                                       **NO. 08-811-C-M2**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEE ROY JENKINS**                                                       **CIVIL ACTION**
**(DOC# 73024)**

**VERSUS**

**N. BURL CAIN, ET AL**                                                   **NO. 08-811-C-M2**

## <u>MAGISTRATE JUDGE'S REPORT</u>

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Lee Roy Jenkins ("Jenkins").  The State has filed an opposition to Jenkins' petition.  (R. Doc. 9).

In reviewing the record of this matter, it has come to the Court's attention that Jenkins previously filed a petition for writ of habeas corpus with this Court, which was dismissed with prejudice on June 5, 1990 based upon a finding that the state court affirmatively showed that Jenkins' guilty plea was both knowing and voluntary.  Jenkins appealed this Court's decision to the U.S. Fifth Circuit of Appeals, and the Fifth Circuit affirmed that decision on April 26, 1991.  As such, Jenkins' present habeas application, filed on or about December 11, 2008, is a successive habeas application.

Pursuant to 28 U.S.C. §2244(b)(3)(A), before a second or successive application for federal habeas relief is permitted to be filed with this Court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider his/her application.  28 U.S.C. §2244(b)(3)(A).  Without such authorization, a federal district court is without jurisdiction to consider successive habeas applications.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  Because this is Jenkins' second habeas petition to be filed in this Court challenging the same conviction/sentence and there is no evidence in the record that he sought or received the requisite authorization from the U.S. Fifth Circuit

1

Court of Appeals, his petition should be dismissed without prejudice for lack of jurisdiction.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Lee Roy Jenkins should be **DISMISSED WITHOUT PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, July 20, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

2